DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RALPH MAWARDI** and **LIMOR MAWARDI,**
Appellants/Cross-Appellees,

v.

**MOSHE COHEN, ZIPORA MIRIAM COHEN,** and
**M Z & M ENTERPRISES, LLC,**
Appellees/Cross-Appellants.

No. 4D21-2291

[August 9, 2023]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. CACE-10-001648.

Jennifer J. Kramer of the Law Office of Jennifer J. Kramer, LLC, Boca Raton, for appellants/cross-appellees.

Bobbi L. Meloro of the Law Offices of Bobbi L. Meloro, P.A., Plantation, and Michele K. Feinzig of Michele K. Feinzig, P.A., Coral Springs, for appellees/cross-appellants.

DAMOORGIAN, J.

Appellants/Cross-Appellees, Ralph Mawardi and Limor Mawardi (collectively "the Mawardis"), seek review of multiple orders which dismissed their claims in equity, denied their request for new trial and additur on their negligent breach of fiduciary duty legal claim, and denied their request for prejudgment and postjudgment interest. We affirm all issues raised on direct appeal without further comment.

Appellees/Cross-Appellants, Moshe Cohen, Zipora Miriam Cohen (collectively "the Cohens"), and M Z & M Enterprises, LLC ("MZM"), cross-appeal the final judgment entered on the Mawardis' negligent breach of fiduciary duty legal claim and argue the trial court reversibly erred by denying their motion for directed verdict and subsequent motion for relief from judgment. We agree and reverse for the reasons explained below.

The Mawardis and the Cohens were friends and neighbors. After purchasing their home, the Mawardis experienced financial difficulties leading up to the 2008 financial crisis. This led the Cohens to loan the Mawardis $100,000. As the Mawardis' financial problems continued, the Cohens loaned them an additional $40,000. After the money had been given, the Mawardis signed a note and mortgage. The mortgage was secured by five different properties, including the Mawardis' home. The note required repayment of the $140,000 principal plus accrued interest at the end of two years.

As the Mawardis' debts continued to grow, they requested to borrow more money from the Cohens. Ultimately, the parties agreed that the Cohens would forgive the outstanding loan and pay off several of the Mawardis' other debts[1] in consideration for the Mawardis conveying ownership of their residence to the Cohens. Consistent with the agreement, the Mawardis executed a quit claim deed in favor of the Cohens which was recorded in the public records.

Shortly after the deed was recorded, the Mawardis also signed a "Grantor's Affidavit of Intent, Consideration, and Solvency." Significantly, the affidavit stated, in pertinent part:

> The Deed was an absolute conveyance of the title to the property to the [Cohens] in effect as well as in form, and was not intended as a mortgage, trust conveyance, or security agreement of any kind, and possession of the premises has been surrendered to the [Cohens].
>
> The consideration for the Deed was for the release of the personal liability of the [Mawardis].
>
> The Deed and conveyance were made by [the Mawardis] as a result of their request that [the Cohens] accept the Deed and was their free and voluntary act.
>
> At the time of execution and delivery of the Deed, the mortgage indebtedness . . . was equal to, or in excess of, the fair market value of the property so Deeded.
>
> . . . .

---

[1] The Cohens agreed to pay off several of the Mawardis' other debts including mortgage arrearages and obligations owed to third parties.

> In executing and delivering the Deed to [the Cohens], [the Mawardis] were not subject to or under any duress, undue influence, misapprehension, or misrepresentation by [the Cohens] in the Deed, . . . and [were] afforded the opportunity to consult with an attorney of their own choosing.

> It was the intention of [the Mawardis] as Grantors in the Deed to convey, by the Deed, and [the Mawardis] do convey to [the Cohens], all of their legal right, title, and interest in and to the property described in the Deed.

Nine months after the deed was recorded and the affidavit was executed, the Mawardis filed a twelve-count complaint against the Cohens and MZM. Relevant to the issue on cross appeal, the complaint included a count for negligent breach of fiduciary duty against the Cohens. At its core, the negligent breach of fiduciary duty count was based upon the charge that the deed was intended only as security for the Cohens' loan and should not have been recorded. Not surprisingly, the Cohens responded by arguing the negligent breach of fiduciary claim was "barred because the Mawardis did not have a degree of dependency on the Cohens and the Cohens were never in the position of counseling, advising or protecting the Mawardis. Rather, the Cohens were involved in an arm's length transaction with the Mawardis."

The case proceeded to a jury trial on the Mawardis' legal claims, including the negligent breach of fiduciary duty claim. Relevant to this appeal, at the close of the Mawardis' case, the Cohens moved for a directed verdict on the grounds that they owed no fiduciary duty to the Mawardis. The trial court deferred ruling on the motion until after the jury reached its verdict. The jury returned a verdict in favor of the Cohens on all counts except the negligent breach of fiduciary duty count, finding appellee Moshe Cohen owed a fiduciary duty to the Mawardis and negligently breached that duty "by recording the deed transferring title to the property." Following the jury verdict, the Cohens moved to set aside the verdict, again arguing no fiduciary relationship existed. The trial court denied the motion.

On cross appeal, the Cohens argue the trial court erred in denying their motion for a directed verdict on the Mawardis' negligent breach of fiduciary duty claim because the evidence at trial failed to establish that Moshe Cohen owed the Mawardis a fiduciary duty. We agree.

It is well established that "[a] fiduciary relationship is based on trust and confidence between the parties where confidence is reposed by one

3

party and a trust accepted by the other." *Mac-Gray Servs., Inc. v. DeGeorge*, 913 So. 2d 630, 633 (Fla. 4th DCA 2005) (internal quotation marks omitted) (quoting *Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.*, 850 So. 2d 536, 540 (Fla. 5th DCA 2003)). "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993) (citation omitted). "However, '[w]hen the parties are dealing at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other.'" *Mac-Gray*, 913 So. 2d at 633 (alteration in original) (quoting *Taylor Woodrow*, 850 So. 2d at 541).

Here, the transaction between the parties was an ordinary lending transaction. "Therefore, even without the specific [language of the affidavit], we would find no fiduciary duty arose." *Mac-Gray*, 913 So. 2d at 633. However, the affidavit itself negates the existence of a fiduciary duty imposed on the Cohens to hold the deed in trust for the Mawardis. *See id.* (holding contract negated existence of fiduciary duty because purchaser acknowledged no reliance on seller in entering into the contract). Moreover, the overwhelming evidence established the deed was an absolute conveyance with no limitations on property ownership. This intent to convey the property outright is further supported by the Cohens' payment of property taxes, insurance, and maintenance after taking title. The Cohens also received rent payments from a tenant occupying the property. In stark contrast, the Mawardis took no actions consistent with property ownership following the transfer of title. Furthermore, with respect to the creation of a fiduciary duty, the Mawardis testified they did not seek advice from the Cohens on how to handle their precarious financial situation. Moshe Cohen testified he never advised the Mawardis, nor agreed to counsel, protect, or act for the Mawardis' benefit.

Simply put, the evidence established the Cohens loaned their friends money when needed and wanted to be repaid. When the parties realized that repayment was not in the cards, they agreed to another plan to get the Mawardis out of debt and give the Cohens some means of recouping the money that was loaned. This agreement was an arm's length transaction for which the Cohens were under no duty to protect or benefit the Mawardis. Rather, the Cohens had their own best interest in mind. *See Watkins*, 622 So. 2d at 1065 ("In the usual creditor-debtor relationship a fiduciary duty does not arise."); *Taylor Woodrow*, 850 So. 2d at 541.

Nonetheless, the Mawardis contend they did not read the deed or affidavit before signing and, therefore, they should not be bound by the

4

statements contained therein.  This argument fails because the Mawardis had ample opportunity to read the documents and they presented no evidence that they were prevented or discouraged from reading the documents.  *See Alejano v. Hartford Accident & Indem. Co.*, 378 So. 2d 104, 105 (Fla. 3d DCA 1979) ("[A] party who signs his name to an instrument cannot deny its contents on the ground that he signed it without reading it unless he shows facts indicating circumstances which prevented his reading it."); *All Fla. Sur. Co. v. Coker*, 88 So. 2d 508, 510 (Fla. 1956) ("A party to a written contract cannot defend against its enforcement on the ground that he signed it without reading it, unless he aver facts showing circumstances which prevented his reading the paper, or was induced by the statements of the other parties to desist from reading it." (citation omitted)).

For the foregoing reasons, we hold the trial court erred in denying the Cohens' motion for directed verdict on the negligent breach of fiduciary duty claim.  Accordingly, we affirm the final judgment with respect to the direct appeal, but reverse on cross appeal and remand for entry of judgment in favor of the Cohens on the negligent breach of fiduciary duty claim.

*Affirmed in part, reversed in part, and remanded.*

WARNER and KUNTZ, JJ., concur.

*                *                *

***Not final until disposition of timely filed motion for rehearing.***

5